IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAHLIA LAMBERT,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br>Civil Case No. 2:11-CV-986 TS<br><br>Criminal Case No. 2:09-CR-560 |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Upon review, the Court finds that Petitioner's Motion is not correctly brought as a § 2255 Motion. Rather, Petitioner's Motion seeks to substantively amend her judgment and seeks relief that should be brought in a petition pursuant to 28 U.S.C. § 2241.[1] Therefore, the Court will deny Petitioner's § 2255 Motion as set forth below.

---

[1] As a result, the Court need not determine whether Petitioner's § 2255 Motion is barred by the collateral appeal waiver contained in her plea agreement or whether the Motion is barred by the applicable statute of limitations.

1

## I. BACKGROUND

On July 29, 2009, Petitioner was named in an Indictment charging her with possession of methamphetamine with intent to distribute. Petitioner pleaded guilty to that charge on September 9, 2009. On September 7, 2010, Petitioner was sentenced to 70 months imprisonment. Judgment was entered on September 13, 2010. In the Judgment, the Court recommended that "defendant strongly be considered for [the] RDAP" program.[2]

Petitioner filed the instant Motion on October 24, 2011.[3] In her Motion, Petitioner makes clear that she is not challenging the Judgment entered in this case. Rather, Petitioner takes issue with the fact the Bureau of Prisons ("BOP") has decided that she is ineligible to participate in the RDAP program. As a result, Petitioner seeks to be released so that she may participate in a residential treatment program.

## II. DISCUSSION

Petitioner has filed her Motion using a standard form used for § 2255 motions. However, a review of the contents of the Motion reveals that it is not brought pursuant to § 2255. Section 2255 proceedings "are used to collaterally attack the validity of a conviction and sentence."[4] Petitioner makes clear that she is not attacking the validity of her conviction and sentence. Specifically, Petitioner states that she is not challenging the Judgment.

---

[2] Docket No. 77 in Criminal Case No. 2:09-CR-560.

[3] Petitioner had previously filed a motion to extend the time for her to file a § 2255 motion, but this request was denied by the Court. *See* Docket No. 95 in Criminal Case No. 2:09-CR-560.

[4] *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

2

Petitioner's Motion is centered around the fact that the BOP has apparently determined that she is ineligible to participate in the RDAP program. This is not an attack of the legality of Petitioner's conviction or sentence, but is an attack about the nature of her confinement. Such challenges must be brought pursuant to 28 U.S.C. § 2241 in the district where Petitioner is confined.[5] The Tenth Circuit has held that similar complaints challenging an RDAP eligibility determination are appropriately brought under § 2241.[6] Based on this, the Court finds that any challenge Petitioner may have to the BOP's determination concerning her eligibility for the RDAP program must be brought in a § 2241 petition in the district in which she is confined, after she has exhausted all of her administrative remedies with the BOP.

Petitioner's Motion further seeks release so that she may be admitted to a residential treatment center. This would require a substantive amendment to the Judgment and the Court is without the authority to grant Petitioner's request for release.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[7] Because Petitioner's Motion is

---

[5] *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) ("Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him . . . . Meanwhile, § 2241 petitions, brought in the district where the prisoner is confined, are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement.").

[6] *See Wilson v. Kastner*, 385 F. App'x 855, 856 n. 2 (10th Cir. 2010).

[7] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

not a direct appeal or properly considered a collateral attack under 28 U.S.C. § 2255, her Motion depends on 18 U.S.C. § 3582(c)[8] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[9] "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[10]

None of these three avenues apply here. There is no motion from the Director of the Bureau of Prisons, nor has Petitioner's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Petitioner brings this Motion well after the fourteen day period set out in Rule 35(a), this provision is inapplicable.[11] Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

---

[8]*See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[9]*United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[10]*Id.* at 947–48 (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[11]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (fourteen-day time limit imposed by Rule 35 is jurisdictional).

4

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[12] Here, Petitioner has pointed to no clerical error. Petitioner seeks a substantive modification of her sentence, rather than to correct a clerical-type error. Therefore, the Court finds Rule 36 is inapplicable.

Based on the above, the Court must deny Petitioner's Motion. To the extent that Petitioner wishes to challenge the BOP's determination regarding RDAP eligibility, she must file a § 2241 petition in the district in which she is confined after exhausting her administrative remedies. Further, the Court does not have the authority to release Petitioner from her previously imposed sentence so that she may be admitted to a residential treatment center.

### III. CONCLUSION

It is therefore

ORDERED that Petitioner's § 2255 Motion and Motion to Amend Judgment (Docket Nos. 1 and 2 in Civil Case No. 2:11-CV-986 and Docket No. 96 in Criminal Case No. 2:09-CR-560) are DENIED.

The Clerk of the Court is directed to close Civil Case No. 2:11-CV-986 forthwith.

---

[12] *Blackwell*, 81 F.3d at 948–49.

DATED   January 20, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge